IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, ) <br> Reg. No. 12754-002, ) <br>  ) <br> Plaintiff, ) <br>  ) <br>  ) Civil Action No. <br> v. ) 2:23-cv-82-RAH-CSC <br>  ) (WO) <br> JOSHUA PAUL JONES, ) <br>  ) <br> Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *Bivens* action[1] is before the court on the complaint of Daniel Lamar Hatcher, a federal inmate at the Yazoo City Low Federal Correctional Institution. Doc. 1. Hatcher claims that attorney Joshua Paul Jones defrauded him and violated his constitutional rights when representing him in his attempt to obtain a sentence reduction under the First Step Act. 18 U.S.C. § 404(b). *Id*. at 1. Hatcher seeks reimbursement of money paid to Jones and "$30,000 in punitive damages." *Id*. at 6. For the reasons discussed below, the court recommends that Hatcher's complaint be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498–99 (1978). The standards of liability in *Bivens* actions are similar to the standards under 42 U.S.C. § 1983. *Butz*, 438 U.S. at 500.

# I. STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A. The Court must dismiss the complaint or any portion thereof that it finds (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915(A). The Court may *sua sponte* dismiss a prisoner's complaint before service. *See* 28 U.S.C. § 1915A(a).

Under §1915(A)(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr*., 254 F.3d

1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

Hatcher claims attorney Jones defrauded him when representing him in matters related to his attempt to obtain a sentence reduction for his federal controlled substance convictions.[2] According to Hatcher, he hired Jones in May 2022 to draft and file a motion for sentence reduction under the First Step Act, but Jones, over his protests, instead filed a motion under 28 U.S.C. § 2255, which was considered successive under 28 U.S.C. § 2255(h) because Hatcher had filed a previous § 2255 motion that was unsuccessful on

---

[2] The court may take judicial notice of its own records and proceedings in other courts with a direct relation to matters at issue. *See Colburn v. Odom*, 911 F.3d 1110, 1112 (11th Cir. 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); Fed. R. Evid. 201(b)(2), (c). In April 2010, a federal jury in the Middle District of Alabama found Hatcher guilty of conspiracy to possess with intent to distribute crack cocaine and aiding and abetting the possession with intent to distribute crack cocaine. *United States v. Hatcher*, Case No. 2:09-cr-81 (M.D. Ala.). Following a sentencing hearing on August 8, 2012, the district court sentenced Hatcher to 300 months' imprisonment on each of the two counts of conviction, with the terms to run concurrently.

the merits.³ Hatcher contends that Jones's conduct in handling his case was reckless and professionally unreasonable and violated his Fifth, Sixth, and Fourteenth Amendment rights. Hatcher's allegations against Jones fail to state a claim under *Bivens*.

The essential elements of a claim under *Bivens* are (1) that the defendant acted under color of federal law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *See Butz v. Economou,* 438 U.S. 478, 498–99 (1978); *Hallett v. Ohio*, 711 F. App'x 949, 950–51 (11th Cir. 2017). A defense attorney, whether appointed or retained, does not act under color of law, and thus cannot be liable for the alleged deprivation of constitutional rights under *Bivens*. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Defense attorneys are not federal actors subject to *Bivens* liability, even if the claims are related to court-appointed representation. *Id*. at 317; *see Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008).

Here, Hatcher alleges no facts to show why the court should consider attorney Jones a federal actor. Accordingly, his complaint is due to be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

It is further

---

³ *See Hatcher v. United States*, Civil Action No. 2:14-cv-880-WKW (MD. Ala. 2017).

ORDERED that the parties shall file any objections to this Recommendation by May 15, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 1st day of May, 2023.

   /s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE